IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA JACKSON RIDEOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 1:09CV82 LMB |
| vs. | ) | |
| | ) | |
| | ) | |
| MICHAEL W. REAP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Assistant United States Attorney Thomas C. Albus on behalf of defendant Michael W. Reap and respectfully submits the following memorandum of points and authorities in support of his Motion to Dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In his complaint, Plaintiff makes extensive factual allegations and asserts that the federal Sex Offender Registration and Notification Act ("SORNA") violates the United States Constitution in a number of ways and that SORNA was implemented in violation of the Administrative Procedures Act ("APA"). Defendant Michael W. Reap will attempt to take Plaintiffs claims one by one in an attempt to demonstrate that each and every one of Plaintiff's legal claims are contrary to the law and that, therefore, even if each and every allegation contained in the complaint were true, defendant Michael W. Reap would still be entitled to the dismissal of the case against him. B & B Hardware v. Hargis Industries, Inc., 569 F.3d 383, 387 (8th Cir. 2009) (standard for Rule 12(b)(6) motion to dismiss).

*I.    Congress did not exceed its authority by enacting Title 18, United States Code*

*Section 2250*

One of Plaintiff's claims is that Title 18, United States Code Section 2250 was enacted in violation of the "Commerce Clause" because "Congress lacks the authority to direct individuals convicted of offenses which do not affect or burden interstate commerce." Complaint at ¶ 44; see generally Complaint at ¶¶ 44-59.

This argument was directly rejected by the Court of Appeals in United States v. May, 535 F.3d 912 (8th Cir. 2008). May held "SORNA contains a sufficient nexus to interstate commerce" to survive an allegation that it violates the commerce clause like that made by Plaintiff. Id. At 922; see also United States v. Howell, 552 F.3d 709, 713 (8th Cir. 2009). Plaintiff's allegations regarding the Commerce Clause are contrary to the settled law of this Circuit and should be dismissed.

> II. *SORNA Does not Violate the Ex Post Facto or the Double Jeopardy Prohibitions of the Constitution and is not Cruel and Unusual Punishment in Violation of the Eighth Amendment*

Plaintiff also claims SORNA violates Article I, Section 9 of the Constitution because it attempts to punish offenders like him for acts committed prior to its enactment and further claim the SORNA registration scheme constitute a second punishment for the same crime and thereby violates the Double Jeopardy clause of the Constitution. Complaint at ¶ 60; see generally Complaint at ¶¶ 60-76 (Ex Post Facto) and ¶¶ 142-45 (Double Jeopardy).

This claim was also rejected by the Court of Appeal in United States v. May, 535 F.3d 912. May held "SORNA's registration requirement demonstrates no congressional intent to punish sex offenders" like Plaintiff. Id. At 920. Because the registration scheme is not punitive, it does not violate the *Ex Post Facto* clause of the Constitution. Id. For this same reason, SORNA does not have the effect of punishing Plaintiff twice for the same offense and is,

therefore, not violative of the Double Jeopardy clause of the Constitution. See, e.g. United States v. Perry, 152 F.3d 900, 903-04 (8th Cir. 1998) (civil proceeding to disgorge criminal profits brought by SEC after criminal conviction not violative of Double Jeopardy). Additionally, because the SORNA registration scheme has been held to be non-punitive, it cannot constitute cruel and unusual punishment under the Eighth Amendment. See United States v. Comstock, 507 F.Supp.2d 522, 529 (E.D. N.C. 2007).

### III.    *Plaintiff Lacks Standing to Raise Tenth Amendment Claim*

Plaintiff also claims that SORNA violates the Tenth Amendment because they "are an unconstitutional encroachment of federal power on state sovereignty." Complaint at ¶ 95; see generally Complaint at ¶¶ 95-100; see also Complaint at ¶ 3 (Plaintiff suing in his individual capacity).

In United States v. Hacker, 565 F.3d 522, the Court of Appeals held that a plaintiff, like the Plaintiff in the present case, who attacks SORNA on Tenth Amendment grounds in his individual capacity, lacks standing. Id. at 527. Accordingly, Plaintiff's claim that SORNA violates the Tenth Amendment should be dismissed.

### IV.    *Plaintiff Lacks Standing to Contest the Delegation of the Decision to Apply SORNA Retroactively and the Attorney General's Compliance with the Adminsitrative Procedures Act*

United States v. May also held that an offender like Plaintiff who is not "unable to comply" with the initial registration requirements of SORNA set out at Title 42, United States Code Section 16913(b) do not have standing to contest any alleged constitutional defect in the delegation to the Attorney General of the decision to apply SORNA retroactively or any violation of the Adminstrative Procedures Act in foregoing the 30-day notice and comment period typically required before making the decision on retroactivity. 535 F.3d 912, 920 (8th Cir.

2008).

Plaintiff has made identical arguments alleging the Congress unconstitutionally delegated the decision as to retroactivity to the Attorney General and that the Attorney General was required to open the issue of retroactivity to public notice and comment under the Administrative Procedures Act. Complaint at ¶¶ 41-43, 89-94.

May held that only an offender unable to register before SORNA's enactment has standing to make these arguments. 535 F.3d at 921. United States v. Hacker extended the logic of May, holding that someone, like Plaintiff, not "personally affected" by the interim rule has no standing to challenge it under the Adminstrative Procedures Act ("APA"). 565 F.3d 522, 528 (8th Cir. 2009).

It is clear from the allegations in the complaint that Plaintiff is able to comply with the registration requirements of SORNA as he is incarcerated and need only register before his release. See Complaint at ¶ 3; Title 42, United States Code Section 16913(b) (providing that those currently incarcerated need only register under SORNA before being released from prison). Therefore, under May and Hacker, Plaintiff has no standing to assert these non-delegation and APA claims.

### V.    *SORNA Violates Neither the Due Process nor the Equal Protection Clauses of the Constitution*

Plaintiff also argues that SORNA is constitutionally defective due to its lack of a hearing mechanism to challenge his registration or designation as a sex offender or to assess his danger to the community and risk of recidivism. Complaint at ¶¶ 77-88 (Due Process) and ¶¶ 129-32 (Equal Protection) Defendant's claim that SORNA violates both his procedural due process rights and his substantive due process rights appears to be a question of first impression within the Eighth Circuit. However, one Court of Appeals and numerous district courts around the

country have rejected identical claims.  United States v. Ambert, 561 F.3d 1202, 1208-09 (11th Cir. 2009) (citing Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 7 (2003) (rejecting similar procedural due process claim as to Connecticut sexual offender registry scheme) and Doe v. Moore, 410 F.3d 1337, 1343 (11th Cir. 2005) (rejecting similar substantive due process challenge to Florida sexual offender registry scheme); see also United States v. Hernandez, 615 F.Supp.2d 601, 619-21 (E.D. Mich. 2009) (rejecting procedural due process claim under Connecticut Department of Public Safety and substantive due process claim under, among others, Doe v. Moore); Gunderson v. Hvass, 339 F.3d 639, 643-45 (8th Cir. 2003) (rejecting substantive and procedural due process challenges to Minnesota sex offender registration scheme similar to SORNA).

Because the general requirement that all sex offenders register under SORNA is rationally related to its purpose of protecting and informing the public, the law is also not offensive to the equal protection clause of the Constitution.  United States v. Lafferty, 608 F.Supp.2d 1131, 1144 (D. S.D. 2009).

Accordingly, under the reasoning of these Courts, Plaintiff's procedural and substantive due process claims as well as his equal protection claim should be dismissed.

### VI. *Defendant Michael W. Reap is not Charged with the Enforcement of State Law and is therefore not a Proper Party to Plaintiff's State Court Claims*

Plaintiff alleges in his complaint that Defendant Micheal W. Reap is a federal official charges with enforcement of federal law.  Complaint at ¶¶ 6, 112.  Therefore, the purely state law claims relating to the Missouri Sexual Offender Law should be dismissed as to Defendant Michael W. Reap.  Complaint at ¶¶ (121-24) (state law violates free exercise of religion); 146-49 (state law violates Contracts Clause of United States Constitution); 150-52 (state law violates Contracts Clause of Missouri Constitution); 154-56 (state law violates Takings Clause of the

United States Constitution).

> **VII.   Even assuming SORNA is Contrary to the Missouri Constitution, Plaintiff is not Entitled to Relief**

Finally, Plaintiff argues that SORNA somehow violates "the State Separation and Distribution of Powers Doctrine."  Complaint at ¶ 159.  Even if this legal conclusion is true, under the Supremacy clause, the Missouri Constitution would be preempted by SORNA to the extent the laws conflict.  Campbell v. Minnesota Public Housing Authority, 168 F.3d 1069, 1075, n.2 (8th Cir. 1999) (citing City of New York v. FCC, 486 U.S. 57, 63 (1988)).

> **VIII.   Conclusion**

The foregoing legal authorities reject each and every claim raised by the defendant in his complaint.   Therefore, defendant has failed to state a claim on which the relief he seeks may be granted and Defendant Michael W. Reap is entitled to the dismissal of the complaint with prejudice.

Wherefore, for the foregoing reasons, Defendant Michael W. Reap respectfully requests the Complaint be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In the alternative, Defendant Michael W. Reap requests the Court dismiss those individual causes of action that are contrary to the law, that Plaintiff lacks standing to assert or that do not apply to him.

        Respectfully submitted,

        JEFFREY B. JENSEN
        Acting United States Attorney
        /s/ Thomas C. Albus
        Thomas C. Albus, #96250
        Assistant United States Attorney

I certify a true copy of the foregoing was transmitted by mail upon plaintiff Joshua Rideout at his place of confinement by U.S. Mail and electronically upon all other counsel of record to this proceeding this 23rd day of July, 2009.

/s/ Thomas C. Albus

Case 1:09-cv-00082-LMB    Document 31    Filed 08/11/2009    Page 7 of 7

/s/ Thomas C. Albus