UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOSHUA JACKSON RIDEOUT,               )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )   Case No.:  1:09CV00082 LMB
                                      )
ERIC HOLDER, et al.,                  )
                                      )
        Defendants.                   )

**MEMORANDUM IN SUPPORT OF DEFENDANT
KENNETH M. BURTON'S MOTION TO DISMISS**

Defendant Kenneth M. Burton has filed a motion to dismiss plaintiff's action pursuant to F.R.Civ.P. 12(b)(6) and 41(b).  For the following reasons, this Court should dismiss plaintiff's action as to defendant Kenneth M. Burton.

**DISMISSAL PURSUANT TO RULE 41(b)**

Rule 41(b) provides that a defendant may move for dismissal of an action for failure of the plaintiff to comply with the federal rules of civil procedure.  Plaintiff has failed to comply with the general rules of pleading a claim contained in Rule 8.  Accordingly, this Court should dismiss plaintiff's action against defendant Burton.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Similarly, Rule 8(e)(1) requires that each averment in a complaint be "simple, concise, and direct."

Plaintiff's complaint violates the provisions of Rule 8(a)(2) and (e)(1).  Plaintiff's complaint is seventy-nine pages long, containing one hundred sixty numbered paragraphs and one hundred eighty-four footnotes.  The complaint consists of lengthy legal arguments and

references to both reported cases and various articles. Under the circumstances, therefore, this Court will not abuse its discretion by dismissing plaintiff's action pursuant to Rule 41(b) for plaintiff's failure to comply with Rule 8. Cf *McAninch v. Wintermute,* 491 F.3d 759, 766-67 (8th Cir. 2007) (district court did not abuse its discretion in denying motion to amend complaint when, among other matters, the proposed amended complaint failed to comply with Rule 8 because it added 143 pages of allegations and 16 additional claims).

## DISMISSAL PURSUANT TO RULE 12(b)(6)

In addition to plaintiff's failure to comply with Rule 8, his complaint otherwise fails to state a claim upon which relief can be granted against defendant Burton. Kenneth Burton is identified in paragraph 17 of the complaint as the "Columbia Chief of Police," who is being sued in his official capacity. Except for this brief reference, none of the other allegations in the complaint either refer to him or pertain to him. In fact, there is no reason for defendant Burton to be named as a defendant in this action because neither the federal nor the state statutes that plaintiff attacks require Burton to take any action that could adversely impact plaintiff.

The federal statute at issue, the Sexual Offender Registration and Notification Act (SORNA), requires each "jurisdiction" to "maintain a jurisdiction-wide sex offender registry conforming to the requirements of this subchapter." 42 U.S.C. § 16912(a). SORNA defines the term "jurisdiction" as a State, the District of Columbia, Puerto Rico, Guam, American Samoa, the Northern Marina Islands, United States Virgin Islands, and a federally recognized Indian tribe. 42 U.S.C. § 16911(10)(A)-(H). Under SORNA, each jurisdiction is required to "make available on the Internet, in a manner that is readily accessible to all jurisdictions and to the public, all information about each sex offender in the registry." 42 U.S.C. § 16918(a).

The foregoing sections of SORNA establish that defendant Burton, as the Chief of Police for the City of Columbia, is not required to take any action under the statute that would have an adverse impact upon plaintiff.  He is not a "jurisdiction" as that term is defined in the statute, and thus he is not required to make any information about plaintiff available on the Internet.  Accordingly, his presence as a defendant in plaintiff's action is entirely unnecessary to resolve whatever claim plaintiff might have regarding SORNA.

Defendant Burton is likewise not a necessary party to plaintiff's claim arising under the Missouri statute.  That statute requires certain sex offenders to register "with the chief law enforcement official of the county or city not within a county in which such person resides . . . ."  Mo.Rev.Stat. § 589.400.2.

Although the Missouri statute would require plaintiff to register with the sheriff of Boone County in the event that plaintiff establishes his residence in Boone County, there is no requirement that plaintiff register with the Chief of Police for the City of Columbia, even if plaintiff began residing in the City of Columbia.  At most, the Missouri statute provides that the sheriff of a county "may forward a copy of such [sex offender] registration form to any city, town, village, or campus law enforcement agency, if so requested."  Mo.Rev.Stat.§ 589.400.2.

There is nothing in plaintiff's complaint to indicate that plaintiff currently intends to take up residence in Boone County, much less that he intends to become a resident of the City of Columbia.  Even if plaintiff had included such allegations in his complaint, however, the Missouri statute does not require defendant Burton to take any action that would have an adverse impact upon plaintiff.  Accordingly, plaintiff's complaint fails to state a claim against defendant Burton and he should be dismissed from plaintiff's action.

In further support of his motion to dismiss under Rule 12(b)(6), defendant Kenneth Burton adopts the arguments set forth in Sections I through V and Section VII of defendant Michael W. Reap's memorandum in support of his motion to dismiss. For the additional reasons stated therein, this Court should dismiss plaintiff's action against defendant Burton for failure to state a claim.

Respectfully Submitted,

KING, KREHBIEL, HELLMICH,
HACKING & BORBONUS, LLC


By:     /s/ Robert J. Krehbiel         .
ROBERT J. KREHBIEL   #3614
2000 South Hanley Road
St. Louis, MO   63144-1524
e-mail:  rkrehbiel@kkhhb.com
Phone: (314) 646-1110
FAX:   (314) 646-1122
*Attorneys for Defendant Kenneth M. Burton*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2009, I have mailed by United States Postal Service a copy of this document to Joshua Jackson Rideout, 32554-044, Seagoville Federal Correctional Institution, P.O. Box 9000, Seagoville, Texas 75159. On that same date, I have also electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  Thomas C. Albus, Esq., attorney for Defendant Michael W. Reap, tom.albus@usdoj.gov; Christopher J. Quinn, Esq., attorney for Defendant Chris Koster, Christopher.Quinn@ago.mo.gov; John W. Housley, Eq., attorney for Defendant Jim C. Arnott, jhousley@lowtherjohnson.com; Daniel R. Wichmer, Esq., attorney for Defendant Lynn Rowe, dwichmer@springfieldmo.gov; Christine L. Hodzic, Esq., attorney for Defendant Daniel Isom, hodzicc@stlouiscity.com.


    /s/ Robert J. Krehbiel         .
Robert J. Krehbiel