UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA JACKSON RIDEOUT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-CV-00082 LMB |
| ) | |
| ERIC HOLDER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANT
CHRIS KOSTER TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Chris Koster, Attorney General of Missouri, has moved this Court for an Order dismissing plaintiff's Complaint, Doc. No. 1. In support of his motion, defendant states as follows:

**I.     Factual Background**

On May 22, 2006, plaintiff entered a plea of guilty in this Court to the crime of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  *See* Judgment, Doc. No. 19, and Sentencing Hearing Transcript, Doc. No. 23, in *United States v. Rideout,* No. 1:06-CR-00083 JCH.[1]  Plaintiff was sentenced to a 78-month term of imprisonment, to be followed by supervised release for a period of ten years. *Id.  See also,* Complaint, Doc. No. 1, ¶ 3. According to the Complaint, plaintiff remains

---

[1] This Court may take judicial notice of public records, including its own records. *U.S. v. Jackson,* 640 F.2d 614, 617 (8th Cir. 1981) (court may take judicial notice of its own records and files); *Stutzka v. McCarville,* 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

incarcerated in a federal correctional institution in Seagoville, Texas. Complaint, Doc. No. 1, p. 78. By his Complaint, filed June 24, 2009, plaintiff seeks a judgment declaring both federal and Missouri sex offender registration statutes unconstitutional and enjoining their enforcement. Complaint, Doc. No. 1, pp. 74-77. For the following reasons, plaintiff's claims should be dismissed.

II.   Argument

    A.   **Request for Leave of Court to Incorporate by Reference Defendant Reap's Motion to Dismiss and Supporting Memorandum**

Plaintiff challenges both federal and Missouri sex offender registration statutes on numerous grounds. *See* Complaint, Doc. No. 1, pp. 63-79. In his Motion to Dismiss and supporting memorandum, Doc. Nos. 30-31, Defendant Michael W. Reap addressed each of plaintiff's substantive claims. Accordingly, in the interest of judicial economy, this defendant respectfully requests leave of Court to incorporate herein by this reference the arguments made in Defendant Reap's motion and supporting memorandum.

    B.   **Defendant Koster is Not a Proper Party to Plaintiff's Claims Challenging the Constitutionality of SORNA.**

As a general rule, the Eleventh Amendment bars federal court jurisdiction over an official capacity suit against a state official "regardless of whether it seeks damages or injunctive relief." *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 102 (1984). An exception to the general rule exists for a small category of cases seeking relief in the form of an injunction against enforcement of an allegedly unconstitutional statute by a state official who stands poised to enforce the statute against the plaintiff. *Ex*

*parte Young,* 209 U.S. 123, 157 (1908); *Pennhurst,* 465 U.S. at 102-03; *Reproductive Health Services of Planned Parenthood of St. Louis Region,* 428 F.3d 1139, 1145 (8th Cir. 2005). The exception applies, however, only to state officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution…." *Ex parte Young,* 209 U.S. at 156.

The Missouri Attorney General is authorized to advance the State's interests in Missouri courts, Mo.Rev.Stat. § 27.060, and may seek to intervene in federal litigation challenging the constitutionality of a Missouri statute, 28 U.S.C. § 2403(b); Fed.R.Civ.P. 24. Plaintiff has not alleged, however, that the Missouri Attorney General has threatened to enforce the federal SORNA law against him or has the authority to do so. *See* Complaint, Doc. No. 1, ¶ 5 ("Holder's inclusion in this suit stems from his official obligation to defend the constitutionality of SORNA.") and ¶ 7 ("Defendant Chris Koster is the Attorney General of the State of Missouri and is sued in his official capacity."). Therefore, plaintiff's request for "[a] permanent injunction prohibiting each Defendant from enforcing SORNA…," Complaint, Doc. No. 1, p. 77, ¶ t, should be denied as to this defendant.

Moreover, any obligation plaintiff has to register as a sex offender is imposed by federal law irrespective of Missouri law. In 1994, Congress passed the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, which required states to adopt sex offender registration laws as a prerequisite to eligibility for certain

federal funding. *See Smith v. Doe,* 538 U.S. 84, 89 (2003). By 1996, all fifty states had enacted some form of "Megan's Law"[2] requiring persons convicted of sexual offenses to register with local law enforcement officials. *Id.* at 89-90. Missouri enacted its Megan's Law, the Sex Offender Registration Act ("SORA"), Mo.Rev.Stat. §§ 589.400 to 589.425, in 1994. In 2006, Congress enacted the Adam Walsh Child Protection Act of 2006, which contained amendments to the federal Sexual Offenders Registration and Notification Act ("SORNA"). *See* Complaint, Doc. No. 1, ¶ 22.

Missouri's SORA requires registration by any Missouri resident who "has been or is required to register in another state or has been or is required to register under tribal, federal, or military law [.]" Mo.Rev.Stat. § 589.400.1(7). The federal SORNA, however, requires sex offenders[3] throughout the country to register in the states in which they reside. 42 U.S.C. § 16913(a). Thus, on June 16, 2009, the Supreme Court of Missouri issued a decision in the case of *Doe I, et al. v. Keathley, et al.,* Appeal No. SC89727, ___ S.W.3d. ___, 2009 WL 1674925 (Mo. banc, June 16, 2009) (unpublished opinion subject to revision or withdrawal), holding that Missouri's Constitutional prohibition against retrospective laws does not provide relief to individuals "subject to the independent,

---

[2] These statutes are named for a 7-year-old girl who was sexually assaulted and murdered in 1994 by a neighbor who had prior convictions for sex offenses against children. *Smith v. Doe,* 538 U.S. 84, 89 (2003).

[3] A "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). The definition of "sex offense" includes "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(i). The term "criminal offense" includes criminal offenses under state and military law. 42 U.S.C. § 16911(6).

4

federally mandated registration requirements under the Sexual Offenders Registration and Notification Act (SORNA)." *Id.* at *1. Other courts have recognized the independent registration obligation imposed by SORNA. *See, e.g., United States v. Hardeman,* 598 F.Supp.2d 1040, 1046 (N.D. Cal. 2009) (section 16913 "requires offenders, as a matter of federal law, to register under the appropriate state's existing registration system"); *United States v. Shenandoah,* 572 F. Supp.2d 566, 578 (M.D. Ala. 2009) ("A state's failure to update its registration system to conform with SORNA does not alter a sex offender's independent duty to register all information that is required by then-existing state law.").

The Missouri Attorney General is not a proper party to plaintiff's claims based on the alleged unconstitutionality of SORNA and is not subject to an injunction prohibiting its enforcement. *See Reproductive Health Services,* 428 F.3d at 1145 (vacating district court order granting preliminary injunction against Missouri Attorney General who was not poised to enforce state statute against plaintiff). Accordingly, plaintiff's claims against this defendant should be dismissed.

    **C.    Plaintiff's Claims are Not Justiciable.**

The basis of all of plaintiff's claims is his allegation that state and federal requirements that he register as a sex offender violate rights guaranteed by United States and Missouri Constitutions. Complaint, Doc. No. 1, pp. 63-73. Although plaintiff claims to have standing to assert these claims because "[t]hese federal and state statutes have directly caused a violation of Plaintiff's rights under both the U.S. and Missouri

Constitutions[,]" Complaint, Doc. No. 1, ¶ 21, the basis for this assertion is unclear at best.  Indeed, as plaintiff asserts elsewhere in his Complaint, his concerns stem not from any enforcement action taken against him by any defendant, but from "the prospect of complying with SORNA and the Missouri State registration statutes[]" at some future date.[4]  Complaint, Doc. No. 1, ¶ 113.  This prospect is insufficient to invoke the jurisdiction of this Court.

"Article III of the United States Constitution confines the jurisdiction of federal courts to justiciable cases and controversies." *Mosby v. Ligon,* 418 F.3d 927, 933 (8th Cir. 2005) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-60 (1992)).  "Such cases and controversies include only those claims that allege some 'injury in fact' redressable by a favorable judgment." *Id.*  "It is well-settled that '[a]llegations of possible future injury do not satisfy the requirements of Art. III.'" *Johnson v. State of Mo.,* 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990)) (prisoners lacked standing to challenge constitutionality of statute authorizing sanctions for filing of frivolous prisoner lawsuits where no sanctions had yet been imposed on plaintiffs).  To constitute an injury in fact, a "threatened injury must be 'certainly impending[.]'" *Id.*

---

[4] In his Complaint, plaintiff alleges that "[h]e has been informed that he is required to register as a sex offender as a condition of his federal supervised release." Complaint, Doc. No. 1, ¶ 3.  Plaintiff's criminal sentence specifies that he is to be placed on supervised release for a term of ten years following his release from imprisonment. *See* Judgment, Doc. No. 19, and Sentencing Hearing Transcript, Doc. No. 23, in *United States v. Rideout,* No. 1:06-CR-00083 JCH.

>Under SORNA, plaintiff is required to register:
>
>(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>
>(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

42 U.S.C. § 16913(b). Because plaintiff remains incarcerated, he is not yet required to register under federal law.

Missouri law requires an offender to register with the chief law enforcement official of the Missouri county in which he resides "within three days of conviction, release from incarceration, or placement upon probation," Mo.Rev.Stat. § 589.400.2, and to "appear in person" to advise local law enforcement officials of any change in address within three business days of such a change, Mo.Rev.Stat. § 589.414. If an offender is incarcerated in a Missouri correctional facility, the facility must "complete the initial registration prior to release and forward the offender's registration, within three business days, to the chief law enforcement official of the county… where the person expects to reside upon discharge, parole or release." Mo.Rev.Stat. § 589.403.

Plaintiff has not alleged that he has registered as a sex offender. *See* Complaint, Doc. No. 1. The mere prospect that plaintiff may someday comply with registration requirements prior to his placement on supervised release (after completion of his 78-month prison sentence) is insufficient to invoke the jurisdiction of this Court. Accordingly, plaintiff's Complaint should be dismissed.

### D. This Court should decline to hear plaintiff's claim that SORA violates the Missouri Constitution.

By his Complaint, plaintiff seeks a judgment declaring that both state and federal sex offender registration laws violate the United States Constitution, the Missouri Constitution, or both. *See* Complaint, pp. 74-77. This Court may not strike federal statutes for the reason that they violate the Missouri Constitution. U.S. Const. art. VI, cl. 2. *See also, Sola Elec. Co. v. Jefferson Co.,* 317 U.S. 173, 176 (1942) ("It is familiar doctrine that the prohibition of a federal statute may not be set at naught, or its benefits denied, by state statutes or state common law rules."); *State of Mo. v. City of Glasgow,* 152 F.3d 802, 805 (8th Cir. 1998) (state constitutional provision cannot excuse violation of federal law).

Furthermore, whether Missouri's sex offender statutes violate the Missouri Constitution is a novel and important question best left to Missouri courts. *See, generally, Beavers v. Arkansas State Bd. of Dental Examiners,* 151 F.3d 838, 841 (8th Cir. 1998) (discussing the *Pullman* abstention doctrine). Although Congress has authorized district courts to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction over a claim that "raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

For the reasons stated above, this defendant is not a proper party to a case challenging the constitutionality of federal statutes, and plaintiff may not invoke the

Missouri Constitution to avoid obligations imposed by federal law. This Court should defer to Missouri courts on matters of Missouri statutory and constitutional law. Accordingly, all of plaintiff's claims against this defendant should be dismissed.

### III. Conclusion

For the foregoing reasons, Defendant Chris Koster respectfully requests that this Court issue an Order dismissing plaintiff's Complaint and affording defendant such other relief as the Court deems just.

Respectfully submitted,

CHRIS KOSTER
Attorney General


*/s/ Christopher J. Quinn*
CHRISTOPHER J. QUINN # 63236
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314)340-7861
Fax: (314)340-7029
Christopher.Quinn@ago.mo.gov

### CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties.

*/s/ Christopher J. Quinn*
Assistant Attorney General