UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOSHUA JACKSON RIDEOUT,          )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        No. 1:09CV82 LMB
                                 )
ERIC HOLDER, et al.,             )
                                 )
            Defendants.          )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's amended complaint under 28 U.S.C. § 1915A. Upon review, the Court finds that this action should be dismissed.

## Background

On April 2, 2005, plaintiff consented to a search of his bedroom, computer, and computer disks. *See United States v. Rideout*, 1:06CR83 JCH (E.D. Mo.).[1] Officials discovered over 600 images of child pornography, some including sadistic or masochistic conduct, on his computer. The evidence was seized pursuant to an investigation.

---

[1]The Court takes judicial notice of the case files in the criminal action and in plaintiff's subsequent proceedings under 28 U.S.C. § 2255, Rideout v. United States, 1:07CV107 JCH (E.D. Mo.).

On May 22, 2006, plaintiff appeared before the Court to waive indictment and plead guilty to one count of possession of child pornography. The plea was entered pursuant to an agreement with the government. On August 28, 2006, the Court sentenced plaintiff to 78 months' imprisonment to be followed by 10 years' supervised release. Plaintiff is currently incarcerated at FCI Seagoville.

Plaintiff brings the instant action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), challenging the constitutionality of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 ("SORNA"). Named as defendants are Eric Holder (United States Attorney General), Michael Reap (Acting United States Attorney, Eastern District of Missouri), Chris Koster (Attorney General of Missouri), Ron Barnett (Sheriff if Ripley County, Missouri), Grady James Coble (Chief of Police for Naylor, Missouri), Mark T. Dobbs (Sheriff of Butler County, Missouri), Danny Hugh Whitely (Chief of Police for Poplar Bluff, Missouri), Jim C. Arnott (Sheriff of Greene County, Missouri), Lynn Rowe (Chief of Police for Springfield, Missouri), Jimmie D. Russell (Sheriff of Taney County, Missouri), Caroll W. McCullough (Chief of Police for Branson, Missouri), Robert Dwayne Carey, Jr. (Sheriff of Boone County, Missouri), Kenneth M. Burton (Chief of Police for Columbia, Missouri), Jerry Lee (Chief of Police, St. Louis County Police Department),

and Daniel Isom (Chief of Police, St. Louis Metropolitan Police Department). The complaint seeks declaratory and injunctive relief.

Plaintiff's amended complaint contains 83 pages of allegations relating to the constitutionality of SORNA and the Missouri sex offender laws. Most of the allegations recite the history of the enactment of SORNA or the reasons for its enactment. The amended complaint contains almost no allegations pertaining to the named defendants.

The amended complaint contains 13 causes of action: (1) that SORNA and the Missouri sex offender laws violate procedural due process under the Due Process Clause, (2) that SORNA and the Missouri sex offender laws violate the First Amendment, (3) that SORNA and the Missouri sex offender laws violate substantive due process under the Due Process Clause, (4) that SORNA and the Missouri sex offender laws violate the Equal Protection Clause, (5) that SORNA and the Missouri sex offender laws violate the Eighth Amendment, (6) that SORNA and the Missouri sex offender laws violate the Ex Post Facto Clause, (7) that SORNA and the Missouri sex offender laws violate the Double Jeopardy Clause, (8) that the Missouri sex offender laws violate the Contracts Clause of the United States Constitution, (9) that the Missouri sex offender laws violate the Contracts Clause of the Missouri Constitution, (10) that the Missouri sex offender laws violate the Takings Clause of the United States

Constitution, (11) that SORNA and the Missouri sex offender laws violate the Separation and Distribution of Powers Doctrine of the Missouri Constitution, (12) that SORNA and the Missouri sex offender laws violate the Privileges and Immunities Clause, the Commerce Clause, the Takings Clause, Citizenship, Due Process, and Equal Protection Clause of the United States Constitution, and (13) that SORNA and the Missouri sex offender laws violate several provisions of the Missouri Constitution.

Plaintiff seeks a declaration that SORNA and Missouri's sex offender registration laws are unconstitutional, and plaintiff further seeks to enjoin defendants from enforcing those laws.

## Standard

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a complaint filed by a prisoner against government officials if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

### Discussion

Plaintiff argues that SORNA was enacted in violation of the "Commerce Clause" because "Congress lacks the authority to direct individuals convicted of offenses which do not affect or burden interstate commerce." This argument was directly rejected by

the United States Court of Appeals for the Eighth Circuit in *United States v. May*, 535 F.3d 912 (8th Cir. 2008). *May* held "SORNA contains a sufficient nexus to interstate commerce" to survive an allegation that it violates the Commerce Cause like that made by plaintiff. *Id.* at 922; *see also United States v. Howell*, 552 F.3d 709, 713 (8th Cir. 2009). As a result, plaintiff's Commerce Clause challenge fails to state a claim upon which relief can be granted.

Plaintiff also claims SORNA violates Article I, Section 9 of the Constitution because it attempts to punish offenders like him for acts committed prior to its enactment and further claim the SORNA registration scheme constitute a second punishment for the same crime and thereby violates the Double Jeopardy clause of the Constitution. This claim was also rejected by the Eighth Circuit in *May*. *May* held "SORNA's registration requirement demonstrates no congressional intent to punish sex offenders" like plaintiff. *Id.* at 920. Because the registration scheme is not punitive, it does not violate the Ex Post Facto clause of the Constitution. *Id.* For this same reason, SORNA does not have the effect of punishing plaintiff twice for the same offense and is, therefore, not violative of the Double Jeopardy clause of the Constitution. *See*, *e.g.*, *United States v. Perry*, 152 F.3d 900, 903-04 (8th Cir. 1998) (civil proceeding to disgorge criminal profits brought by SEC after criminal conviction not violative of Double Jeopardy). Additionally, because the SORNA registration

scheme has been held to be non-punitive, it cannot constitute cruel and unusual punishment under the Eighth Amendment. *See United States v. Comstock*, 507 F. Supp. 2d 522, 529-30 (E.D.N.C. 2007). As a result, plaintiff's Ex Post Facto, Double Jeopardy, and Eighth Amendment claims fail to state a claim upon which relief can be granted.

Plaintiff also claims that SORNA violates the Tenth Amendment because it is "an unconstitutional encroachment of federal power on state sovereignty." In *United States v. Hacker*, 565 F.3d 522 (8th Cir. 2009), the Eighth Circuit held that a plaintiff who attacks SORNA on Tenth Amendment grounds, in his individual capacity, lacks standing. *Id.* at 526-27. As a result, plaintiff lacks standing to bring a Tenth Amendment claim.

*May* also held that an offender like plaintiff who is not "unable to comply" with the initial registration requirements of SORNA set out at 42 U.S.C. § 16913(b) does not have standing to contest any alleged constitutional defect in the delegation to the Attorney General of the decision to apply SORNA retroactively or any violation of the Administrative Procedures Act in foregoing the 30-day notice and comment period typically required before making the decision on retroactivity. 535 F.3d at 921. As a result, plaintiff lacks standing to challenge the Attorney General's decision to apply SORNA retroactively or any violation of the Administrative Procedures Act in

foregoing the 30-day notice and comment period typically required before making the decision on retroactivity.

Plaintiff also argues that SORNA is constitutionally defective due to its lack of a hearing mechanism to challenge his registration or designation as a sex offender or to assess his danger to the community and risk of recidivism. Defendant's claim that SORNA violates both his procedural due process rights and his substantive due process rights appears to be a question of first impression within the Eighth Circuit. However, one Court of Appeals and numerous district courts around the country have rejected identical claims. *United States v. Ambert*, 561 F.3d 1202, 1208-09 (11th Cir. 2009) (citing *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 7 (2003) (procedural due process)); *Doe v. Moore*, 410 F.3d 1337, 1343-46 (11th Cir. 2005) (rejecting similar substantive due process challenge to Florida sexual offender registry scheme); *see also United States v. Hernandez*, 615 F. Supp.2d 601, 619-21 (E.D. Mich. 2009) (rejecting procedural due process claim under *Connecticut Department of Public Safety* and substantive due process claim under, among others, *Doe v. Moore*); *Gunderson v. Hvass*, 339 F.3d 639, 643-45 (8th Cir. 2003) (rejecting substantive and procedural due process challenges to Minnesota sex offender registration scheme similar to SORNA). Because the general requirement that all sex offenders register under SORNA is rationally related to its purpose of protecting and

informing the public, the law is also not offensive to the equal protection clause of the Constitution. *See United States v. Lafferty*, 608 F. Supp.2d 1131, 1144 (D.S.D. 2009). As a result, plaintiff's due process claims fail to state a claim upon which relief can be granted.

Additionally, plaintiff's claims against the law enforcement defendants is frivolous because he has not alleged that they personally violated his constitutional rights. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)

For these reasons, this Court finds that plaintiff's federal law claims fail to state a claim upon which relief can be granted. The Court will dismiss plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of September, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE